**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| TRACY L. OWENS,<br><br>    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations,[1]<br><br>    Defendant. | No. C17-86-LTS<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I.    INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable C.J. Williams, Chief United States Magistrate Judge. Doc. No. 19. Judge Williams recommends that I reverse and remand the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Tracy Owens' application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Act). Neither party has objected to the R&R. The deadline for such objections has expired.

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)). U.S. Gov't Accountability Off., GAO-B-329853, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration (2018). As of that date, Berryhill was not authorized to serve using the title of Acting Commissioner. Therefore, as of November 17, 2017, she has been leading the agency from her position of record, Deputy Commissioner of Operations. For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188

(8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").

3

As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Owens alleged a disability onset date of June 20, 2013, due to symptoms related to narcolepsy, reduced immune system, diabetes mellitus, depression, migraine headaches and diarrhea. AR 16. After a hearing, an Administrative Law Judge (ALJ) concluded on March 24, 2016, that Owens had severe impairments due to diabetes mellitus, narcolepsy with cataplexy, chronic kidney disease stage 3-4 and major depressive disorder, moderate. AR 14. However, the ALJ found that Owens was not disabled and could perform light work with some restrictions. AR 15. The ALJ also found there were jobs Owens could perform that existed in significant numbers in the national economy. AR 25–26.

Owens' request for review was denied on June 6, 2017. AR 1. The ALJ's decision thus became the final decision of the Commissioner. Owens filed her complaint in this court on July 28, 2017, and Judge Williams filed his R&R on May 7, 2018.

Owens argued that the ALJ erred by: (1) not finding chronic diarrhea to be a severe impairment; (2) relying on Owens' noncompliance and not determining whether her failure to find an effective stimulant to treat her narcolepsy symptoms was justified;

(3) not providing good reasons for assigning little weight to the opinions of treating source Scott Geisler, M.D.; (4) failing to determine that Owens' impairments medically equaled Listing 11.02; and (5) failing to include any absences or unscheduled breaks in the Residual Functional Capacity (RFC) Assessment. Judge Williams addressed each argument separately.

With respect to the first argument, Judge Williams noted that the ALJ's discussion of how he determined which impairments were severe was "brief and non-specific." AR 8. However, he found that the ALJ duly considered chronic diarrhea in the discussion of Owens' RFC and found that the symptoms were not as severe as Owens had claimed. *Id.* Judge Williams stated,

> Although the ALJ did not directly discuss claimant's diarrhea in his credibility assessment, it is clear from reading the ALJ's credibility assessment in context that the ALJ found claimant to be lacking credibility in all of her allegations. Otherwise stated, the ALJ found that the medical evidence lacked support for claimant's allegations as to severity to the point that the ALJ looked upon all of claimant's allegations with skepticism. This is not improper, nor has claimant alleged that it is. Rather, claimant has merely alleged that the ALJ failed to account for claimant's diarrhea, which is inaccurate. As such, I find that the ALJ did not err with respect to his consideration of claimant's alleged diarrhea.

*Id.* at 9.

Regarding the second issue, Judge Williams found that Owens' noncompliance argument was misplaced. *Id.* at 11. Owens claimed the ALJ found her not disabled because she was noncompliant. *Id.* at 10–11. However, "[b]ecause there is no indication that the ALJ considered whether claimant would be capable of engaging in substantial gainful activity had she followed her prescribed treatment plan," Judge Williams determined the ALJ merely used noncompliance as part of his credibility determination, rather than making a noncompliance determination under SSR 82-59. *Id.* Therefore, Judge Williams found the ALJ's reliance on Owens' noncompliance in assessing her credibility was not erroneous. *Id.* at 11.

On the issue of Dr. Geisler's opinions, Judge Williams ultimately found that the ALJ's decision should be reversed and remanded because the ALJ did not clearly explain the amount of weight he gave to those opinions and appeared to ignore a portion of the record that was contradictory to his ruling. *Id.* at 13, 15. Judge Williams stated:

> Although claimant argues that the ALJ improperly afforded Dr. Geisler's opinion "little weight," the ALJ did not afford Dr. Geisler's opinion little weight. The ALJ merely stated that he found Dr. Geisler's opinion to be "less persuasive." (AR 20). Although "less persuasive" could amount to "little weight," the ALJ does not explicitly use that term, and I cannot make that assumption. Likewise, the ALJ just as easily could have afforded Dr. Geisler's opinion controlling weight, even though he found the opinion "less persuasive." It is simply unclear how much weight the ALJ afforded to Dr. Geisler's opinion. However, because the requirements of an ALJ are greater when affording a treating source's opinions less than controlling weight, I will assume, *in arguendo*, that the ALJ afforded Dr. Geisler's opinion less than controlling weight.

*Id.* at 13.

Based on that assumption, Judge Williams summarized that the ALJ found Dr. Geisler's opinions to be "less persuasive" because they were unsupported, vague and inconsistent with the evidence of record. *Id.* at 14. Judge Williams agreed that most of Dr. Geisler's opinions were vague, as they were in the form of checked boxes or very limited written statements. He also found that the ALJ provided adequate support for the finding that Dr. Geisler's opinions were contrary to other evidence of record. *Id.* at 14–15, 16. However, Judge Williams found that Dr. Geisler's opinions were supported by scientific testing:

> The ALJ stated "[Dr. Geisler's] own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled," but the ALJ did not elaborate upon this statement. (AR 21). To the contrary, Dr. Geisler's notes from April 16, 2014, detail the testing that claimant had undergone in assessing her narcolepsy and cataplexy. (AR 561-64). Although the ALJ addressed the April 16, 2014 report, the ALJ did not address the "PREVIOUS TESTS" section, which does show abnormal test results. (AR 564). It is unclear why

6

the ALJ discussed almost the entirety of the April 16, 2014 report, but failed to even note the existence of the "PREVIOUS TESTS" section.

*Id.* at 15.

Based on the ALJ's statement that Dr. Geisler's notes did not contain any test results that corroborated his opinions, the absence of any discussion relating to the "PREVIOUS TESTS" section, and the confusion as to what weight the ALJ actually gave to Dr. Geisler's opinions, Judge Williams recommended the ALJ's decision be reversed and remanded with instructions to articulate the weight afforded to Dr. Geisler's opinions and his reasoning for that weight. *Id.* at 16.

With respect to the fourth issue, Judge Williams found that the ALJ did not err in determining that Owens' impairments did not meet Listing 11.02. *Id.* at 18. He noted (1) that the claimant has the burden of establishing that his or her impairments meet or equal the presumptively disabling impairments listed in the regulations, and (2) that the impairments must be established with medical findings, not just symptoms. *Id.* at 17. Judge Williams found that Owens' symptom log is insufficient because it does not amount to "medical findings." *Id.* at 17–18. Additionally, Owens misrepresented the state agency medical consultant's opinion, which stated that the severity of Owens' symptoms did not, in fact, equal Listing 11.02. *Id.* at 18.

Finally, with respect to the unscheduled breaks issue, Judge Williams stated:

Claimant argues that she suffers from [narcolepsy, chronic kidney disease, diabetes and major depressive disorder] but offers only generalized statements about the side effects or symptoms one *may* experience as a result of each of these ailments. Claimant does not allege that she actually experiences fatigue to the point of needing unscheduled breaks or absences from work, nor does claimant point to any evidence in the record to support such a contention. As such, I find that the ALJ properly declined to include the need for unscheduled breaks and absences from work because of these ailments.

*Id.* at 20 (emphasis in original). As for Owens' individualized argument that her chronic diarrhea required breaks, Judge Williams referred to his finding as to Owens' severe impairments argument. *Id.* at 21. He concluded:

> Based on his credibility assessment, the ALJ did not include unscheduled breaks in his RFC assessment. Although the record evidence could also support a finding that claimant does suffer from chronic diarrhea and, therefore, does require unscheduled breaks, I find that the ALJ's decision was within his "zone of choice."

*Id.*

## IV. ANALYSIS

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards for (1) evaluating the ALJ's determination of severe impairments, (2) the ALJ's consideration of a claimant's noncompliance, (3) the weight assigned to Dr. Geisler's opinions, (4) evaluating whether Owens' impairments met or equaled a medical listing and (5) the ALJ's exclusion of unscheduled breaks in his RFC assessment. Based on my review of the record, I find no error – clear or otherwise – in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. **I accept** Judge Williams' R&R (Doc. No. 19) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation:

   a. The Commissioner's determination that Owens was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Williams.

b. Judgment shall enter in favor of Owens and against the Commissioner.

c. If Owens wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**
**DATED** this 20th day of June, 2018.

_____
Leonard T. Strand, Chief Judge